DEUIL
*v.*
MARTEL.

---

## WALTER BRASHEAR *v.* H. C. DWIGHT.

There can be no valid adjudication of property by the Sheriff on a bid which is less than the amount of the special mortgages on such property in favor of persons other than the seizing creditor.

Where the nullity, which vitiates the title to the purchaser, is apparent, from an inspection of the title itself, the purchaser will not be considered as in good faith, and be relieved from accounting for the rents and profits while he was in possession.

APPEAL from the District Court of St. Mary.

*Walker,* for plaintiff.    *Olivier,* for defendant and appellant.

LEA, J.    The plaintiff alleges that, on the 9th December, 1844, the Sheriff of the parish of St. Mary, in virtue of an adjudication made under a writ of *fieri facias,* issued from the First District Court of New Orleans, in favor of *Jas. C. Wilkins,* and against the plaintiff, sold the property described in the petition to *H. C. Dwight.*

The plaintiff alleges that it was a condition of said sale that the purchaser should, in addition to the amount of his bid, pay a sum sufficient to discharge the privileges and special mortgages on his property, amounting to the sum of $8063 41.

Petitioner avers that he has paid and extinguished the aforesaid special mortgages and privileges, and that the defendant is therefore liable for the remainder of the price, with interest; but should the court consider that the bid was for no more than $555, and that the adjudication was made for that amount, then plaintiff avers that such adjudication was null, having been made in violation of a prohibitory law forbidding any adjudication of property seized in execution, whenever the amount bid is insufficient to discharge the privileges and special mortgages thereon.    The plaintiff, therefore, prays, in this alternative, that the sale be declared null, and that the defendant be held to account for the fruits and revenues derived from the property, at the rate of $550 per annum from the commencement of his possession until he shall have delivered the same to petitioner.

For answer, the defendant avers that the extent of his bid was $555, denies that he can be subjected to payment of any surplus, and pleads the prescription of five years; but, should the title be declared null or avoided, then respondent claims the amount paid by him as the price of the adjudication, with interest from the date thereof, and also the sum of $400, expended for necessary repairs. And respondent further avers, that, being a possessor in good faith, he is not able for the fruits and revenues of the property, and further pleads prescription.

It is clear that the adjudication in this case must be set aside.    The amount bid by the defendant was far below the amount of the special mortgages resting on the property at the time.    Article 684 of the Code of Practice is explicit on this point.    It says that, in such case, *there shall be no adjudication.*

The only question to be determined is, whether the defendant was such a possessor in good faith, as released him from the obligation to account for the fruits and revenues received by him. We have given this point a careful consideration, and are of the opinion that where the nullity which vitiates the title to the purchaser is apparent, from an inspection of the title itself, he must be considered a purchaser with notice, and cannot, therefore, shield himself under the provisions of Article 495 of the Civil Code.

The defendant is, therefore, liable to account for the fruits and revenues of the property, as prayed for in the petition, receiving credit, however, for the money expended by him in necessary repairs, and also for the amount paid by him as the price of the adjudication, with interest as before stated, which accrued to the benefit of the plaintiff.

In the decree of the District Court, the defendant is credited with those sums, so far as they are supported by proof; nor does it appear that there was any error in the estimate, made by the District Judge, of the amount realized by the defendant from the rents and profits of the property.

It is ordered, that the judgment appealed from be affirmed, with costs.